# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2535 | **DATE** | 5/3/2000 |
| **CASE TITLE** | Paul Centanni vs. Donald Snyder, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the same reasons that this Court set out in that March 22 opinion dealing with Ray's Petition, Paul's Petition is also dismissed without prejudice. And just as this Court directed Ray to do, Paul should tender the matter to our Court of Appeals under Section 2244(b)(3)(A).

(11) ■ [For further detail see order attached to the original minute order.]

| | | number of notices | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 4 | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | MAY 04 2000 date docketed | |
| | Notified counsel by telephone. | | 11 |
| ✓ | Docketing to mail notices. | UM docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | MAY 04 2000 date mailed notice | |
| SN | courtroom deputy's initials | UM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL CENTANNI,                )
                              )
            Plaintiff,        )
                              )
     v.                       )    No.  00 C 2535
                              )
DONALD SNYDER, et al.,        )
                              )
            Defendants.       )

MEMORANDUM OPINION AND ORDER

Like his brother Ray Centanni ("Ray"), Paul Centanni ("Paul") originally filed his own self-prepared 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Central District of Illinois. Thereafter Ray's Petition was transferred to this District Court by Honorable Michael Mihm's February 7, 2000 order, and it was in turn assigned directly to this Court's calendar pursuant to LR 40.3(b)(1)(A). That same pattern of transfer (via Honorable Joe Billy McDade's March 20, 2000 order) and assignment to this Court's calendar has now resulted in the deposit of Paul's papers on this Court's desk on April 28.

As might be expected, the same questions that were posed by Ray's Petition and that were dealt with in this Court's attached

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

March 22, 2000 memorandum opinion and order apply with equal force to Paul's Petition. For the same reasons that this Court set out in that March 22 opinion dealing with Ray's Petition, Paul's Petition is also dismissed without prejudice. And just as this Court directed Ray to do, Paul should tender the matter to our Court of Appeals under Section 2244(b)(3)(A).

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: May 3, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAY CENTANNI,                    )
                                 )
            Petitioner,          )
                                 )
     v.                          )    No. 00 C 1680
                                 )
DONALD SNYDER, et al.,           )
                                 )
            Respondents.         )

MEMORANDUM OPINION AND ORDER

Ray Centanni ("Centanni")[1] originally filed his self-prepared 28 U.S.C. §2254[2] Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Central District of Illinois. Honorable Michael Mihm's February 7, 2000 order then transferred the Petition to this District Court, and it was assigned directly to this Court's calendar pursuant to LR 40.3(b)(1)(A). Because there appears to be a substantial likelihood that the Petition is "second or successive" within the

---

[1] This Court's lengthy January 17, 1997 memorandum opinion and order ("1997 Habeas Opinion"), referred to later in the text, dealt not only with Centanni's then-pending habeas petition (in Case No. 95 C 7393) but also with that of his brother Paul (in Case No. 95 C 7394). Because Paul is not involved in the current proceeding, this opinion's use of "Centanni" to refer only to petitioner here should cause no confusion.

[2] All further references to Title 28 provisions will simply take the form "Section--," omitting the prefatory Title 28 reference.

meaning of Section 2244(b)(3)(A) (something of which Judge Mihm would be unaware), this Court dismisses the Petition so that Centanni can move in our Court of Appeals for an order authorizing this District Court to consider Centanni's application.

It should be emphasized at the outset that this Court expresses no views as to the viability or nonviability of Centanni's present claim in substantive terms. It is also true that the new claim attacks an aspect of Centanni's custodial status different from that addressed in the 1997 Habeas Opinion: While the earlier attack was launched against Centanni's conviction and sentence and was disposed of by this Court by a dismissal in substantive terms, the current attack disputes the Illinois Department of Corrections' calculation of Centanni's out date (Centanni claims that with proper good time credit, he should already have been released from custody). Even in those terms, though, it is not clear whether the Department of Corrections' calculation of a presumptive out date did not antedate the time when Centanni filed his original Section 2254 petition that this Court then dealt with in the 1997 Habeas Opinion, so that Centanni could perhaps have been aware of, and could perhaps have advanced, any asserted constitutional

2

violation in that respect at that time.

In all events, this Court has not only examined the literal language of Section 2244 but has also reviewed a substantial number of the cases that have declined to give the term "second or successive petition" an all-inclusive reading under every circumstance.[3] For example:

1. Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) is not directly applicable to the present situation, because that case addressed the effect of dismissing original habeas petitions for technical procedural reasons, while in this instance Centanni's first petition was dismissed on substantive grounds.

2. Johnson v. United States, 196 F.3d 802, 804-05 (7th Cir. 1999), treating the comparable provision of Section 2255 that deals with attacks on federal rather than state convictions, suggests the possibility that the current Petition fits within the "second or successive" category,[4]

---

[3] It should be acknowledged that such review has not sought to be exhaustive, but rather sufficient to counsel the course of action adopted here.

[4] In part Johnson, id. at 805 states:

> [A] motion is caught by §2244(b) and §2255 ¶8 only if it is second or successive to a

3

but that case dealt with a very different and bizarre scenario that obviated any need to resolve the kind of question posed by Centanni's situation.

3. United States v. Barrett, 178 F.3d 34, 42-44 (1st Cir. 1999), also issued in the federal Section 2255 context, seems to look somewhat in both directions.

4. In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999), also stemming from a federal conviction and thus implicating Section 2255, would appear to indicate that a potential habeas ground that was totally unavailable at the time of an initial habeas petition should not trigger the operation of the "second or successive" petition requirements. Again, however, the case is not directly precedential for current purposes.

There may of course be more, but what has been said to this point clearly counsels that Centanni should go to the Court of Appeals in the first instance. After all, if this Court were to address Centanni's current claim substantively but it turned out to have been wrong in ignoring the "second or successive" issue,

---

proceeding that "counts" as the first. A petition that has reached final decision counts for this purpose.

4

its work would be a total nullity--while by contrast a decision by our Court of Appeals will assure that the Petition (if it is allowed to be filed at all) will be in the right place and may then be dealt with appropriately in substantive terms.

As stated earlier in this opinion, the Petition is dismissed without prejudice. Centanni should tender the matter to the Court of Appeals under Section 2244(b)(3)(A).

                                                               _[signature]_
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: March 22, 2000